OPINION OF THE COURT
Wilmer J. Patlow, J.
The facts underlying this suit are essentially as follows. *958 Defendant Peter Nowak was a security guard employed by defendant Doyle Detective Bureau, Inc., which had been engaged by plaintiffs employer to safeguard the premises where plaintiff worked. Plaintiff alleges that she was working at her place of employment during off-hours when defendant Nowak viciously attacked her at knifepoint and she was brutally sodomized.
Plaintiffs first cause of action, asserted against defendants Nowak and Doyle Detective Bureau, was for assault. Her second cause of action, also against defendant Doyle Detective Bureau, is for alleged negligence in its employment of defendant Nowak.
Defendant Doyle Detective Bureau moved to dismiss the complaint against it and this court granted the motion only with respect to the first cause of action on the grounds that defendant Nowak was not acting within the scope of his employment when he assaulted plaintiff.
The third cause of action, asserted solely against defendant Aetna Casualty Insurance Company, and against which defendant Aetna now moves for dismissal, seeks to recover on the surety bond which was issued to defendant Doyle Detective Bureau by Aetna pursuant to section 74 of the General Business Law.
Defendant Aetna Casualty Insurance Company maintains that the third cause of action should be dismissed because the court has already determined that defendant Doyle is not liable for defendant Nowak’s assault inasmuch as Nowak was not acting within the scope of his employment.
Section 74 (1) (b) of the General Business Law provides that private investigators and guard and patrol agencies are required to file a $10,000 bond "conditioned for the faithful and honest conduct of such business”. This section further provides that: "any person injured * * * by the wilful, malicious and wrongful act of the principal or employee may bring an action against such principal, employee or both on said bond in his own name to recover damages suffered by reason of such wilful, malicious and wrongful act. In each and every suit, or prosecution arising out of this article, the agency of any employee as to the employment and as to acting in the course of his employment, shall be presumed”. (Emphasis added.)
Defendant Aetna takes the position that the presumption set forth in the statute is rebuttable and is overcome by the *959 actual facts of this case. Defendant contends that liability on the bond attaches only for those wrongful acts which occur in the furtherance of defendant Doyle Detective Bureau’s business.
Plaintiff argues that the statute was specifically designed to provide minimal protection for those injured by "wilful, malicious and wrongful” acts who might otherwise go uncompensated. Since no legitimate job description ever includes such "wilful, malicious and wrongful” acts, such acts would always be outside the scope of employment and thus not recoverable but for the presumption set forth in the statute.
The purpose of the bond requirement has been stated as follows: "It seems clear that Article 7 of the General Business Law, dealing with the licensing, bonding and regulation of detective agencies, is designed primarily for the protection of the public against 'wilful, malicious and wrongful’ acts of private detectives who, in the absence of stringent controls and the requiring of a bond, would be in a position to cause irreparable harm to other members of the community because of the very nature of their work” (Schauder v Weiss, 88 NYS2d 317, 321 [1949]).
Schauder v Weiss (supra) is instructive in that there defendants denied the existence of an agency or partnership relationship, contending that the statutory presumption was at most rebuttable and could be overcome by a contrary factual showing at trial. The court held, however, that defendants were "estopped from denying the existence of the copartnership, particularly so when such denial would frustrate resort to the bond” (supra, at 321).
The presumption in question was added to the statute in 1938 (see, L 1938, ch 349). Prior to that time, case law had clearly established that the bond was recoverable only for "a willful, malicious, and wrongful act done in the conduct of the detective business” (Lamb v United States Fid. & Guar. Co., 162 NYS 138, 139 [1916]). To permit defendant Aetna the opportunity to rebut the presumption and to determine whether defendant Nowak was acting within the scope of his employment as a matter of proof would give little effect to the subsequent statutory amendment, because willful, malicious and wrongful acts rarely fall within the scope of legitimate employment.
Thus, the court views the presumption as to scope of employment set forth in section 74 of the General Business Law *960 to be conclusive rather than rebuttable in nature (see, Richardson, Evidence § 57 [Prince 10th ed]). This means that, as a matter of law, scope of employment may not be asserted to defeat recovery on the bond, even where such defense may, as in the case at bar, be sufficient to defeat plaintiffs cause of action against the security agency. This interpretation, the court concludes, furthers the statutory purpose of protecting the public making at least the bond available to victims of willful, malicious and wrongful acts, particularly where, as here, the injured party’s cause of action against the security agency for damages arising from such acts has been dismissed.
Based upon the foregoing, defendant Aetna’s motion to dismiss plaintiff’s third cause of action is denied.